IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMERICAN MODERN HOME | : | |
| INSURANCE CO., et al. | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | CIVIL NO. L-05-647 |
| | : | |
| KERR-MCGEE CORP. | : | |
|     Defendant. | : | |
| | : | |

**MEMORANDUM**

This is a diversity insurance action filed by American Modern Home Insurance Co. ("AMHI") and National Marine Underwriters, Inc. ("NMU") (collectively referred to as "the Insurers") against Kerr-McGee Corp. ("Kerr-McGee"). Now pending is a motion to dismiss or transfer venue filed by Kerr-McGee. For the reasons stated herein, the Court will, by separate Order, GRANT the motion to transfer (Docket No. 5) pursuant to 28 U.S.C. § 1404(a).

**I.    BACKGROUND**

The Plaintiffs insured an ocean sport-fishing boat owned by Mark and Cecily Bailey, who reside in Texas. On March 7, 2004, Mr. Bailey took the boat out to fish in the Gulf of Mexico, off the Texas coast. According to the Complaint, Mr. Bailey was cruising near an oil rig and a private navigation aid buoy owned by Kerr-McGee. An unmarked, floating Kevlar line connected the unlit buoy to the rig.

One of the boat's propellers caught the Kevlar line, ripping the propeller and its shaft from the boat, allowing water into the bilge pumps, and eventually causing the boat to sink. The Insurers contend that Kerr-McGee unreasonably failed to maintain the navigation aid buoy and negligently failed to warn of the existence, condition, and defects of the buoy.

On March 7, 2005, the Insurers filed the Complaint in the instant action. On April 4, 2005, Kerr-McGee moved to dismiss the case, or transfer it to the Southern District of Texas, Houston Division, under the doctrine of *forum non conveniens*.

## II.  STANDARD

The doctrine of *forum non conveniens* "has continuing application only in cases where the alternative forum is abroad." American Dredging Co. v. Miller, 410 U.S. 443, 449 n.2 (1994).  Because the alternative forum is Texas, not abroad, dismissal under *forum non conveniens* is not the appropriate remedy.  The common law doctrine of *forum non conveniens* is echoed, however, in 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Accordingly, the Court will construe the Defendant's motion as a motion to transfer venue.

The moving party bears the burden to show that transfer to another forum is proper.  Dicken v. U.S., 862 F. Supp. 91, 92 (D. Md. 1994).  The decision whether to transfer is committed to the sound discretion of the district court.  Id. (citing Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956)).

The Court may consider a number of factors in deciding whether to transfer venue, such as the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive."  See Cronos Containers, Ltd. v. Amazon Lines, Ltd., 121 F. Supp. 2d 461, 465 (D. Md. 2002) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Other factors to consider are the convenience to the parties and witnesses, the interest of justice, and "the advantage of having local issues of law and fact determined by local courts and juries."  Id.; see also  Dow v. Jones, 232 F. Supp. 2d 491, 499 (D. Md. 2002).  The question of convenience for the parties, however, is the principal focus of the inquiry.  See Feruzzi Italia S.p.A. v. Trade and Tansport, Inc., 683 F. Supp. 131, 135 (D. Md. 1988).

## III.  ANALYSIS

Defendant Kerr-McGee argues that the Texas venue is appropriate because the accident occurred in Texas, and the witnesses and other evidence are located there.  The Insurers' counter-argument

focuses on the insurance aspects of the case. The Annapolis branch of AMHI issued the policy, AMHI coordinated its investigation from Maryland, and the AMHI's files are located in Annapolis.

In the Court's view, the Insurers' focus is misdirected. This case concerns liability for a boating accident. The primary issues will involve, for example:

- the shipping channels around the rig,
- the location of and markings on the buoy and the line,
- the condition of the buoy and the line,
- whether the Baileys should have seen the line or maintained a safe distance from the buoy,
- whether the Baileys used reasonable efforts to avoid sinking,
- the salvage of the boat,
- the Coast Guard investigation.

The witnesses on these issues are located in Texas. If the case were tried in Baltimore, these witnesses, many of whom are non-parties, would be required to travel here to testify.

The Insurers would have a point if this were a "failure to pay" case centering on the underwriting and claims-handling decisions of the insurance companies, but such is not the case. The Insurers' Maryland files undoubtedly contain documents concerning the claims. The files, however, can be shipped to Texas and kept there for the duration of the case. It is easier for the documents to travel than it is for the witnesses.

The Court is mindful that a plaintiff is normally entitled to select its forum. The Court is also hesitant to burden a judge in Texas with a case that was filed here. Nonetheless, primary consideration should be given to the convenience of the witnesses. See e.g. Cronos, 121 F. Supp. 2d at 465 (The District of Maryland regularly grants motions to transfer when "the defendant has shown that most of its key witnesses are residents of another district"). It will be far easier for them to testify (on deposition

and at trial) in Houston, Texas than in Baltimore, Maryland.  Hence, the Court will grant the motion and transfer the case.

## III.     CONCLUSION

For the foregoing reasons, the Court will, by separate Order, GRANT the Defendant's motion to transfer venue, and DIRECT the Clerk to TRANSFER the case to the Southern District of Texas, Houston Division.


Dated this 28th day of November, 2005.

                                      /s/
                            _____
                            Benson Everett Legg
                            Chief Judge